Jimmy Ray WARNER, III, a minor, by and through his mother and next friend, Mrs. June Ruiz Wortmann, Plaintiff-Appellee Cross-Appellant,

v.

The CITY OF BAY ST. LOUIS, Defendant-Appellant Cross-Appellee.

No. 75–3852.

United States Court of Appeals, Fifth Circuit.

Jan. 28, 1976.

George E. Morse, Gulfport, Miss., Walter J. Phillips, Bay St. Louis, Miss., for defendant-appellant cross-appellee.

John L. Hunter, Pascagoula, Miss., for plaintiff-appellee cross-appellant.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

In this diversity action, judgment was entered on behalf of the appellee, Jimmy Ray Warner, II, a minor, who brought suit by and through his mother and next friend, Mrs. June Ruiz Wortmann, in the amount of $375,000 against the city of Bay St. Louis, Mississippi, in the United States District Court for the Southern District of Mississippi. Judgment was entered on August 26, 1975, and bore an interest rate of 6% from the date of the judgment. Appellee moved in this Court for a leave to amend the judgment pursuant to Rule 60(a) of Fed.R.Civ.P. increasing the rate of interest to 8%. In the motion, appellee contends that the Mississippi legislature increased the applicable rate of interest from 6% to 8% effective July 1, 1975,[1] and that through mistake the district court entered the incorrect interest rate. Because we do not believe that the error alleged is properly

---

1. Mississippi Code, Anno. § 75–17–7, (Supp. 1975).

correctable under Rule 60(a), we deny appellee's motion.

■ Rule 60(a) is entitled "Clerical Mistakes." [2] Under this rule the court may correct errors, created by mistake, oversight, or omission, that cause the record or judgment to fail to reflect what was intended at the time of trial. *See Pattiz v. Schwartz*, 386 F.2d 300 (8th Cir. 1968); *Ferrarro v. Arthur M. Rosenberg Co.*, 156 F.2d 212, 214 (2d Cir. 1946). While such mistakes are not necessarily made by the clerk, *see Continental Casualty Co. v. Little*, 152 F.2d 728 (5th Cir. 1946); *Pattiz v. Schwartz, supra*, they are often errors made in transcribing or recording the judgment. *See West Virginia Oil and Gas Co. v. Georgia E. Breece Lumber Co.*, 213 F.2d 702 (5th Cir. 1954); *Bershad v. McDonough*, 469 F.2d 1333, 1336 (7th Cir. 1972); *National Farmers Union Auto Casualty Co. v. Wood*, 207 F.2d 659 (10th Cir. 1953). Since the court is correcting merely clerical errors, Rule 60(a) explicitly states that the correction may be made at any time. *See* Moore, Federal Practice, Vol. 6(a), ¶ 60.06[1], pp. 4053–54 (1973). In contrast, errors that affect substantial rights of the parties are outside the scope of Rule 60(a). *See United States v. Stuart*, 392 F.2d 60 (3rd Cir. 1968). Such errors may be corrected under Rule 60(b) [3] if brought to the attention of the district court within the one year time limit.

Appellee contends here that the failure to enter 8% interest instead of 6% was a mere oversight by the district court. Yet, the appellee does not contend that the district court intended that its judgment read 8%. There is no allegation that this error is a typographical or transcribing mistake, or the mistake was an inadvertent one. *See Blaine v. Peters*, 90 U.S.App.D.C. 207, 194 F.2d 887 (1952). Nor is this a case where the court sought to make more specific its order allowing interest. *United States v. Kenner*, 455 F.2d 1 (7th Cir. 1972). Instead, it appears that the district court was unaware of the recent change in Mississippi law.

■ We believe that where the judgment states the amount of interest intended by the district court, relief is not available under Rule 60(a). In *Hoffman v. Celebrezze*, 405 F.2d 833 (8th Cir. 1969), the government pointed out that the district court had allowed interest against the United States under the mistaken impression that the statute provided for such interest. The court stated "Any error here involved is clearly not the type of mistake contemplated by Rule 60(a)." *Id.* at 835. In the present case, the same type of error is alleged. The district court allegedly made an error of law, but the judgment did state what was intended. To allow a party to correct alleged errors of law at any time by the mechanism of Rule 60(a) would significantly weaken the policy of finality as embodied in the Federal Rules. *See* Moore, Federal Practice, Vol. 6(a), ¶ 60.04[1], p. 4043, (1973). In short, if any error was committed by the district court, such mistake is not within the lim-

---

2. Rule 60(a) states:

Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

3. Rule 60(b) states in relevant part:

Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . . . the motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . . .

ited type of error encompassed by Rule 60(a).[4]

 Appellee's motion for leave to amend the judgment pursuant to Rule 60(a) is denied. If appellee desires to seek an amendment to the judgment pursuant to Rule 60(b) he, of course, may do so, but in this Circuit he must make his motion first to the district court. *See Ferrell v. Trailmobile, Inc.*, 223 F.2d 697, 699 (5th Cir. 1955).

Motion denied.

---

**4.** A few courts have held that where interest is a matter of right failure to include interest can be corrected by the court by means of a motion pursuant to Rule 60(a). See *Glick v. White Motor Co.*, 317 F.Supp. 42 (E.D.Pa. 1970), aff'd, 458 F.2d 1287 (3rd Cir. 1972); *McGee v. United States*, 62 F.R.D. 205 (E.D.Pa. 1973); *In re Mary Queen Transfer Corp.*, 266 F.Supp. 605 (E.D.N.Y.1967). To the degree these cases hold that interest which is added as a matter of right can always be corrected under Rule 60(a), we believe they should be rejected. As Professor Moore states,

Some cases have indicated that a failure of a judgment to include the interest to which

the plaintiff is entitled is an error that can be corrected under Rule 60(a). It is of course possible that the failure to include interest may result from a clerical error, and such would be the case where the judgment rendered failure to reflect the actual intention of the court. But where there is no clerical error and a failure to include interest resulted from an error of law, then relief may be had only by motion under Rule 59 and within its short time limits, by appeal, or by motion under Rule 60(b).

See Moore, Federal Practice, Vol. 6(a), ¶ 60.-06[4], pp. 4067–68, (1973).