547 F.2d 924
 ALDON INDUSTRIES, INC., a Pennsylvania Corporation,
Plaintiff-Appellant,
v.
DON MYERS & ASSOCIATES, INC., a Florida Corporation, and
Donald F. Myers and Ruth E. Myers, Individually,
Defendants-Third-Party Plaintiffs-Appellees,
v.
I. E. DuPONT de NEMOURS, a Delaware Corporation, Third-Party
Defendant.
 No. 76-1800
Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Feb. 28, 1977.
 
 Kenneth L. Ryskamp, Miami, Fla., John R. Padova, Gerald A. Inglesby, Philadelphia, Pa., for plaintiff-appellant.
 John L. Britton, Guy B. Bailey, Jr., Robert E. Schur, Miami, Fla., for defendants-third-party plaintiffs-appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before AINSWORTH, CLARK and RONEY, Circuit Judges.
 RONEY, Circuit Judge:
 
 
 1
 This case comes before the court of appeals for a second time. We previously affirmed plaintiff's judgment for the price of carpeting sold to the corporate defendant, reversed defendant's judgment on a counterclaim for breach of warranty, and remanded for a determination of the individual defendants' liability as guarantors of the corporation's debt. Aldon Industries, Inc. v. Don Myers & Associates, Inc., 517 F.2d 188 (5th Cir. 1975). On remand, the district court held that the plaintiff had abandoned its claim against the individuals as guarantors, and dismissed the claim without prejudice. Holding that the plaintiff did not abandon the guaranty claim, we reverse and remand to the district court for a decision on the merits of that claim. We also vacate the district court's denial of attorney's fees claimed under the guaranty agreement, a claim which will depend upon the validity and enforceability of that agreement. Finally, we reverse the court's determination that it lacked jurisdiction to amend its judgment to specify a prejudgment starting date for the computation of interest and remand for the determination of when interest should begin.
 
 
 2
 Plaintiff commenced this lawsuit in 1972 to recover $50,913.45 for carpets sold to the corporate defendant. The complaint named two individual defendants and demanded judgment in a like amount from them on the basis of a written guaranty agreement.
 
 
 3
 Prior to trial all parties stipulated, inter alia, that "on the 13th day of February, 1968, the Defendants, DONALD F. MYERS and RUTH E. MYERS, did execute and deliver to the TEXTILE BANKING COMPANY an Agreement of Guaranty, which Guaranty was assigned to the Plaintiff herein, ALDON INDUSTRIES, INC., on the 24th day of January, 1972." No mention of the guaranty was made in the section of the pretrial stipulation entitled "Issues of Fact to be Litigated" or "Issues of Law Which Remain for Determination by the Court."
 
 
 4
 At trial, the guaranty agreement was introduced into evidence by plaintiff. Defendants admitted the authenticity of the document and stipulated that the guaranty was executed and delivered. No stipulation or admission was made concerning the validity of the guaranty. Defendants objected to the evidence on the ground that a necessary foundation for the introduction of the document was a demonstration that the principal debtor owed someone money. The objection was overruled. At the close of the evidence the plaintiff submitted a proposed jury charge to the court on the subject of the guaranty. The court refused that charge and instead propounded interrogatories to the jury and asked for a special verdict, which did not include any questions on the guaranty claim against the individual defendants. On the special verdict, the court entered judgment in the sum of $50,000 in favor of the plaintiff against the corporate defendants and judgment for defendants on their counterclaim in the sum of $170,000. No judgment was entered as to the individual defendants, and the judgment did not specify the date from which interest should be computed.
 
 
 5
 On this state of the record, on remand from this Court "for a determination of Donald and Ruth Myers' individual liability as guarantors of the corporation's debt," the district court held that the plaintiff had already abandoned its claim on the guaranty by the time our Court issued its mandate.
 
 
 6
 The district court determination overlooked entirely the fact that the only reason the individual defendants are parties to this lawsuit is because of the claim of liability on the guaranty. Nothing in the pretrial stipulation, or in the trial, or the conduct of the attorneys ever indicated that they were not proper parties to the trial. The pretrial stipulation states explicitly that "The Defendants, DONALD F. MYERS and RUTH E. MYERS, are named individually predicated upon a written Guaranty executed by them in favor of the Plaintiff." The execution, delivery and assignment of the guaranty were all stipulated facts. Omission of any mention of the guaranty in the section entitled "Issues of Fact to be Litigated" is neither surprising nor grounds for a claim of abandonment.
 
 
 7
 Defendants' contention that the plaintiff waived a claim for relief on the guaranty when it failed to request a judgment on that issue at the conclusion of the original trial is unavailing for three reasons.
 
 
 8
 First, implicit in the remand of the case from this Court was that the prior proceedings were to be reopened at the point just prior to the entry of the judgment. Since the plaintiff had offered a proposed instruction on this issue just prior to the verdict, there clearly was no abandonment at this stage of the proceedings. Immediately on remand, the plaintiff moved the court to "remold" the judgment to include a judgment against the individuals.
 
 
 9
 Second, the significance of the attorney's failure to make such a request is diluted by the fact that at the time, with a counterclaim judgment against his client far in excess of the guaranteed debt, entry of the judgment would have availed plaintiff nothing.
 
 
 10
 Third, the defendants' argument overlooks the fact that no judgment was entered as to the individual parties to the lawsuit. After the verdict the defendants, in their motion for entry of judgment, argued that since the interrogatories propounded to the jury had been approved by the plaintiff, and since they did not set forth any area of decision with respect to the claims on the guaranty, that the plaintiff had waived such claims. When, in the face of that argument, the district court failed to enter judgment either for or against the individual defendants, neither the defendants nor the plaintiff did anything to call this omission to its attention. The plaintiff's failure to have caught this omission for the district court is thus of no greater significance and no more a waiver than the defendants' failure to do so. Nor was the plaintiff obligated to respond to a post-verdict argument that it waived its claim, in order to avoid waiving its claim, where it only recently proffered jury charges on that very issue.
 
 
 11
 The import of our remand was that no final judgment existed, and that the district court should examine the state of the evidence and the relevant law as of the moment after the special verdict had been returned and prior to the entry of the judgment. The district court should have considered plaintiff's motion to "remold" the judgment as if it had been a motion for the entry of judgment filed precisely at that point in the litigation.
 
 
 12
 Having determined that it was error for the district court to hold that the guaranty claim had been abandoned, it is now necessary to resolve the merits of that claim. Since the district court never ruled on this issue, and since it expressed in its opinion a concern that it "could not in good conscience enter judgment against (the defendants) without affording them the opportunity to raise a defense," we decline to reach that issue. Instead, we remand for the purpose of allowing the district court to make an initial determination on the merits. There may exist defenses to the liability on the guaranty, which are so fundamental to standards of justice between these parties as to be properly assertable even at this late point in time.
 
 
 13
 We do note that at no point in the pretrial stipulation approved by the court is there any defense to the guaranty asserted, except as the defenses to the claim against the principal debtor are likewise defenses on the guaranty. At trial, this was the only ground asserted for objection to the admission of the written guaranty. In light of this situation, the district court's own Local Rule 14 E as to pretrial proceedings may be significant. That Rule states "(after the pretrial conference) the pretrial stipulation . . . will control the course of the trial, and may be thereafter amended by the Court only to prevent manifest injustice." Whether any defense heretofore unmentioned in the record before the trial court, or to this court, could now be asserted in an amended pretrial statement "to prevent manifest injustice" is initially for the trial court.
 
 
 14
 The guaranty also provides that the individual defendants "shall reimburse (plaintiff) for all legal and collection fees and other expenses incurred by you in any such insolvency or bankruptcy proceedings or any attempted collections" from the principal obligor, the corporate defendant. Since the plaintiff's entitlement to such fees turns on the resolution of the merits of the claim of liability on the guaranty, this issue must await the decision of the district court on remand. If that court holds that there are no defenses to liability and enters judgment against the individual defendants, plaintiff will also be entitled to such fees as it can establish before the district court under the applicable law governing the agreement. If that court holds that recovery on the guaranty is barred, then it will, of course, follow that plaintiffs will not be able to rely on the guaranty to recover any attorney's fees.
 
 
 15
 A judgment which has been entered and affirmed may only be altered pursuant to the provisions set out in Rule 60 F.R.Civ.P. Where a judgment is without omissions, and is not void, this Court has held that the district court is without power to alter the judgment. In Gulf Coast B & S Co. v. I.B.E.W. No. 480, 460 F.2d 105 (5th Cir. 1972), we held that a judgment which provided for interest from the date of filing of the complaint as originally entered could not be altered to limit the interest to the period after the date of the judgment. Where the judgment omits any starting date however, there is an omission which can be corrected. In United States v. Kenner, 455 F.2d 1 (7th Cir. 1972), it was determined that the phrase "interest thereon as provided by law" was sufficiently vague to constitute an omission which could be corrected by an amendment to the judgment. This distinction between making a judgment more specific in the face of an original omission, and actually changing a term of the judgment, such as a specified rate or starting time for interest has already been recognized in this Circuit. See Warner v. City of Bay St. Louis, 526 F.2d 1211 (5th Cir. 1976).
 
 
 16
 Applying this test to the judgment here at issue, it is clear the lower court should "make more specific its order allowing interest." Warner v. City of Bay St. Louis, supra at 1212. Such specificity should be provided by an indication of the precise date from which interest begins to run. This determination rests on issues of state law which are, in the first instance, for the determination of the district court.
 
 Conclusion
 
 17
 In sum we hold that the plaintiff did not waive or abandon its claim against the individual defendants by its stipulation in the pretrial statement, or by its failure to request a judgment from the court after the special verdict at the first trial; that the determination of whether the plaintiff is entitled to recover on the guaranty is, in the first instance, for the district court; that plaintiff's entitlement to attorney's fees and collection expenses will depend on the district court's resolution of the guaranty issue; and that the district court has the power to amend its judgment to specify the starting date for interest.
 
 
 18
 This case is remanded for further proceedings not inconsistent with this opinion.
 
 
 19
 REVERSED AND REMANDED.
 
 
 
 *
 Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I