[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 6, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14470
Non-Argument Calendar

_____

D. C. Docket No. 04-00040-CV-4

WILLIAM P. WHITE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(April 6, 2006)**

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

William White, a federal prisoner proceeding pro se, appeals the district

court's denial of his pro se motion to vacate, correct, or set aside a sentence,

28 U.S.C. § 2255, for abandonment of his original claim on remand.  White had previously been convicted of selling child pornography in violation of 18 U.S.C. § 2252(a)(3)(B).  His plea agreement contained a sentence appeal waiver.  White's § 2255 motion alleged that the district court lacked subject-matter jurisdiction to convict him because the statute under which he was convicted was invalid in that it did not contain an enacting clause on its face.  After the government had responded, the district court dismissed the motion, finding that it was barred by the sentence appeal waiver, but we vacated, finding that the sentence appeal waiver did not preclude White from attacking his conviction, and remanded for the district court  to consider White's claim on the merits.  On remand, White moved to amend his claim in order to add a claim based on United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which the district court denied.  The district court then found that White had abandoned his original subject-matter jurisdiction claim because he had not advanced it on remand.

**I.**

We review a district court's finding that a litigant has abandoned his claim for abuse of discretion.  See Olmstead v. Taco Bell Corp., 141 F.3d 1457, 1461-62 (11th Cir. 1998) (finding that a district court's determination that a counseled plaintiff had abandoned his claim based on its interpretation of a pretrial order was

2

not an abuse of discretion).  "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Whether a claim has been abandoned must be considered in the context of the overall action, and if a document or action is subject to more than one interpretation, there must be something additional in the way of the litigant's conduct or declared intentions to find abandonment  See Pollock v. Birmingham Trust Nat'l Bank, 650 F.2d 807, 811 (5th Cir. Unit B July 1981).  A district court's finding, without inquiry or notice, that a claim was abandoned based on a habeas petitioner's failure to address all claims in a pretrial setting can constitute error. See Meeks v. Singletary, 963 F.2d 316, 320 (11th Cir. 1992) (finding that a counseled habeas petitioner's failure to address all claims at a status hearing did not constitute abandonment of claims not addressed and that such a finding constituted a "trap for the unwary" we did not countenance).

Under the rules governing § 2255 proceedings, if it appears from the motion, attachments and record of prior proceedings that the movant is not entitled to relief, the district court must dismiss the motion and direct the clerk to notify the movant. See Rules on Motion Attacking Sentence Under Section 2255, Rule 4(b). Otherwise, the district court must order the government to respond.  Id.  After the

3

government has responded, the movant has the opportunity to reply. See id. at Rule 5(a), (d).

The district court here may abused its discretion in finding that White abandoned his original § 2255 subject-matter jurisdiction claim in his original criminal proceeding. White's original subject-matter jurisdiction claim was before the district court on remand and, at the point the district court found abandonment, he was not obligated to advance it further. See Keener v. Convergys Corp., 342 F.3d 1264, 1270-71 (11th Cir. 2003) (where a counterclaimant did not have the burden to present arguments on his claim, but the counterclaim was nonetheless triggered, a finding that the counterclaim was abandoned because counterclaimant had not raised any arguments on it constituted error).

Although White moved for leave to amend his original complaint to add a Booker claim, that, with nothing else, did not indicate his intent to abandon his original claim. He used no language indicating that he was replacing his original claim with his Booker claim and he took no action indicating such an intent. See Pollock, 650 F.2d at 811. White did not mention his subject-matter jurisdiction claim in his motion for leave to amend or after the magistrate denied the motion, but this is not grounds for abandonment. See Aldon Indust., Inc. v. Don Myers & Assoc., 547 F.2d 924, 927 (5th Cir. 1977) (holding that district court erred on

4

remand in finding that plaintiffs had abandoned guaranty claim against individual defendants when judgment had not been entered against defendants as guarantors and this Court had ordered the district court to determine their liability and noting that omission of a fact which has been stipulated to from a pretrial stipulation entitled "Issues of Fact to be Litigated" was neither surprising nor grounds for a claim of abandonment).

The district court gave White no notice that it was going to dismiss his subject-matter jurisdiction claim as abandoned, or inquire into his stance on this claim. Thus, this finding of abandonment, with no notice to White, based on his failure to address all his claims in his motion to amend amounts to the same "trap for the unwary" that we refused to countenance in Meeks. See Meeks, 963 F.2d at 320.

## II

However, the government argues on appeal that any error by the district court was harmless because White's subject-matter jurisdiction was meritless as the statute under which he was convicted did, in fact, contain an enacting clause.

We can affirm on any adequate ground, even if it is not the ground upon which the district court actually relied. Parks v. City of Warner Robbins, 43 F.3d 609, 613 (11th Cir. 1995). A district court is obligated to resolve all constitutional

5

issues in a habeas proceeding. Clisby v. Jones, 960 F.2d 925, 934 (11th Cir. 1992) (proceeding under 28 U.S.C. § 2254). However, a § 2255 motion may be summarily dismissed "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . " Broadwater v. United States, 292 F.3d 1302, 1303 (11th Cir. 2002).

In his § 2255 motion, White argued that the district court lacked subject-matter jurisdiction because 18 U.S.C § 2252(a)(3) was not a bona fide act of Congress since there was no enacting clause of the law's face as contained in the U.S. Code. He acknowledged that the Federal Constitution did not require such an enacting clause, but noted that many states did. White's claim is meritless for three reasons. First, as he admits, the United States Constitution does not require that federal laws contain an enacting clause. Second, the statute under which White was convicted, 18 U.S.C. § 2252, was originally enacted as the "Protection of Children Against Sexual Exploitation Act," Pub. L. No. 95-225, 92 Stat. 7, and contained an enacting clause. The Act was amended to include § 2252(a)(3) with the Crime Control Act of 1990, Pub. L. No. 101-647, 104 Stat. 4789, which also contained an enacting clause. There is no federal authority for White's argument that the lack of an enacting clause on the face of a federal statute or in publication

6

of that statute renders it invalid. So, third, even if White's allegations that the statute of conviction lacked an enacting clause were true, he cannot show that he is entitled to relief. See Broadwater, 292 F.3d at 1303. Thus, despite the error by the district court, since the face of White's motion indicates that he is not entitled to relief, we affirm.

**AFFIRMED.**