[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 11, 2008
THOMAS K. KAHN
CLERK

No. 08-11160
Non-Argument Calendar

_____

D. C. Docket No. 03-00065-CR-ORL-19JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN C. PATTERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 11, 2008)**

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

John C. Patterson, a federal prisoner proceeding pro se, appeals the district court's refusal to recuse herself and the denial of his motion to correct the record.

The government argues the district court lacked jurisdiction over the motion for recusal because there was no pending proceeding before the district court. Patterson replies the district court had jurisdiction because he filed his motion to correct the record along with the motion for recusal.

We review the district court's subject matter jurisdiction de novo. *Bishop v. Reno*, 210 F.3d 1295, 1298 (11th Cir. 2000). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). "Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'" *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471, 102 S. Ct. 752, 757, 70 L. Ed. 2d 700 (1982). To meet Article III's requirement of a case or controversy, a party must have standing to challenge the action sought to

2

be adjudicated. *Id.* at 471, 102 S. Ct. at 758. A party has standing if the "statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief." *Warth v. Seldin*, 422 U.S. 490, 500, 95 S. Ct. 2197, 2206, 45 L. Ed. 2d 343 (1975).

The statutory examples of "proceeding" in 28 U.S.C. § 455 "imp[ly] the judge's participation in decisions affecting the substantive rights of litigants to an actual case or controversy." *U.S. v. Sciarra*, 851 F.2d 621, 635 (11th Cir. 1988). It "confers a right upon the litigant to seek recusal [during] . . . . phases of the litigation." *Id.* Thus, the proceeding requirement "embrace[s] only such activity following the initiation of an action by a private party . . . designed ultimately to modify or affect the substantive rights of a litigant." *Id.* Without a "pending action before" the judge or a situation where "petitioners' rights are at stake," a party lacks standing to request recusal. *Id.* at 636.

The district court had jurisdiction to rule on the motion for recusal because Patterson had also simultaneously filed a motion to correct the record. Thus, there existed a pending action before the district court.

Patterson argues the district court should have recused itself because of his affidavit of bias and prejudice, his judicial misconduct complaint, and a pending investigation related to his case. He argues the district court failed to file his

3

affidavit of bias and prejudice. If the court had filed his affidavit, the judge would have had to recuse herself. He states the district court denied both his motion for recusal and his motion to correct the record. He argues the court is retaliating against him because of his judicial misconduct complaint. He argues the district court conducted a bench trial after he withdrew his guilty plea, and this trial did not appear on the record. He asks us to require the judge to recuse herself and direct another judge to answer his motion to correct the record.

We review a judge's refusal to recuse herself for abuse of discretion. *Draper v. Reynolds*, 369 F.3d 1270, 1274 (11th Cir. 2004). A district court abuses its discretion when it "applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." *Tran v. Toyota Motor Corp.*, 420 F.3d 1310, 1315 (11th Cir. 2005) (internal quotation marks omitted).

Recusal is required in certain circumstances, including when the judge "has a personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455(b). "The bias or prejudice must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir.), *cert. denied*, 128 S. Ct. 671 (2007) (internal quotation marks omitted). "Thus, it has long been regarded

4

as normal and proper for a judge to sit in the same case upon remand, and to sit in successive trials involving the same defendant." *Id*. at 829 (internal quotation marks and alteration omitted). In addition, any judge "of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard for recusal under § 455(a) is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality . . . ." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotation marks omitted). A judge's rulings in the same or related case are not a sufficient basis for recusal, except where a party shows pervasive bias. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam).

The district court did not abuse its discretion by denying the motion for recusal. Before the district court, Patterson argued the judge should recuse herself because the omission of the bench trial record showed she was biased against him. There is no evidence supporting Patterson's contentions that he withdrew his plea, that a bench trial was held, and that the court found him guilty on all counts. The uniform, two-sentence affidavits submitted by Patterson are wholly conclusory and do nothing to support his assertions. On the basis of his argument, no

objective, disinterested, lay observer would entertain a significant doubt about the judge's impartiality.

We review the denial of a Rule 60(b) motion for abuse of discretion. *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 842 (11th Cir. 2008). According to Rule 60(a) the district court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "While such mistakes are not necessarily made by the clerk, they are often errors made in transcribing or recording the judgment." *Warner v. City of Bay St. Louis*, 526 F.2d 1211, 1212 (5th Cir. 1976) (construing prior, but similar, version of Rule 60(a)) (citation omitted); *see Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (holding decisions by former Fifth Circuit issued before October 1, 1981, are binding precedent). "In contrast, errors that affect substantial rights of the parties are outside the scope of Rule 60(a) . . . . [and] [s]uch errors may be corrected under Rule 60(b) . . . ." *Warner*, 526 F.2d at 1212.

The district court did not abuse its discretion by denying the motion to correct the record. Although titled a Rule 60(a) motion, Patterson's motion to correct the record is properly characterized as a Rule 60(b) motion because he is not seeking a correction of a clerical mistake. Patterson fails to submit sufficient

6

evidence and/or support from the record showing that any correction is needed. It is also noteworthy, as the district court indicated, that Patterson did not raise the issue of a missing record in his earlier 28 U.S.C. § 2255 motion. We conclude that the district court did not commit a clear error in judgment or rely on clearly erroneous facts.

Upon review of the record and upon consideration of the briefs of the parties, we find no reversible error.

**AFFIRMED**.