United States Court of Appeals,

Eleventh Circuit.

No. 95-6676

Non-Argument Calendar.

Varnall WEEKS, Petitioner-Appellant,

v.

Ronald E. JONES, Commissioner of Corrections, Respondent-Appellee.

Nov. 22, 1996.

Appeal from the United States District Court for the Middle District of Alabama. (No. CV-95-V-613-N), Robert E. Varner, Judge.

Before HATCHETT, Chief Judge, and TJOFLAT and BIRCH, Circuit Judges.

PER CURIAM:

This appeal presents the first-impression issue for our circuit of whether the right to appointment of counsel in capital habeas corpus cases under 21 U.S.C. § 848(q)(4)(B) depends on the ultimate merits of a death-sentenced prisoner's habeas claims. After appointing counsel, the district judge *sua sponte* found that the federal habeas petition was frivolous, set aside the appointment order under Federal Rule of Civil Procedure 60(a), and thereby prevented payment of the capital petitioner's attorneys. We REVERSE.

I. BACKGROUND

The petitioner-appellant, Varnall Weeks, was executed on May 12, 1995.[1]  Preceding his execution, Weeks's attorneys[2] challenged

---

[1]The factual and procedural background of this case is contained in this court's first denial of habeas relief in *Weeks v. Jones,* 26 F.3d 1030, 1032-33 (11th Cir.1994), *cert. denied,* --- U.S. ----, 115 S.Ct. 1258, 131 L.Ed.2d 137 (1995), and in the

his death sentence in state and federal court on the basis of his mental incompetence to be executed.[3] Because Weeks was indigent, his attorneys represented him without any payment from their client, and they received no compensation for their representation from the State or courts of Alabama. Following the denial of Weeks's second request for postconviction relief by the Alabama courts, his counsel filed a petition for writ of habeas corpus in federal court in the Middle District of Alabama on May 10, 1995, as well as a motion requesting appointment as counsel under 21 U.S.C. § 848 and a motion to proceed *in forma pauperis*.[4] That same day, the district court granted the motions for appointment of counsel and to proceed *in forma pauperis,* but it denied Weeks's petition for habeas relief on the merits and denied a stay.

On May 11, 1995, Weeks's counsel appealed the district court's denial of a certificate of probable cause and sought a stay of execution in this court. A majority panel addressed the merits of his incompetency claim and concluded, based on the factfindings of the state trial judge and the evidence presented at the state

---

denial of his second petition for habeas relief in *Weeks v. Jones,* 52 F.3d 1559, 1560 (11th Cir.), *cert. denied,* --- U.S. ---
-, 115 S.Ct. 1841, 131 L.Ed.2d 846 (1995).

[2]Weeks's attorneys, who originally were appointed and who seek compensation for their representation, are James McMillin, Stephen B. Bright and Barry J. Fisher.

[3]Weeks's counsel argued that he was a paranoid schizophrenic, who went to his death convinced that it was part of a millennial religious scheme to destroy sinful mankind and that he would be transformed into a tortoise and reign over the universe.

[4]On May 10, 1995, Weeks's counsel also filed motions for appearance *pro hac vice,* temporary stay of execution, and examination by mental health experts.

evidentiary hearing, that Weeks was not mentally unfit to be executed. *Weeks v. Jones,* 52 F.3d 1559, 1561-62 (11th Cir.), *cert. denied,* --- U.S. ----, 115 S.Ct. 1841, 131 L.Ed.2d 846 (1995). Accordingly, this court denied a stay of execution and a certificate of probable cause. The dissent noted that Weeks's case was the first time that our court had addressed the issue of the constitutional standard for competency to be executed. *Id.* at 1574-75 (Kravitch, J., concurring in part and dissenting in part).

In July, 1995, Weeks's counsel contacted the district court clerk's office because they had not yet received their vouchers needed to submit fee requests. On August 2, 1995, the district court *sua sponte* issued an order setting aside its previous order appointing counsel for Weeks under § 848(q) "pursuant to Rule 60(a), Federal Rules of Civil Procedure." R2-22-2. In setting aside his former order granting appointment of counsel, the district judge explained his reconsideration resulting in his denying the attorneys' former motion for appointment of counsel:

> This Court was recently contacted by Petitioner's attorneys regarding not having received their CJA 30 Vouchers issued to appointed attorneys in death penalty proceedings. In reviewing the file, this Court found on May 10, 1995, it **erroneously** granted the Motion for Appointment of Counsel filed May 10, 1995, by Attorneys James McMillin, Stephen B. Bright and Barry J. Fisher. Also on May 10, 1995, this Court correctly granted said attorneys' motion for admission pro hac vice and correctly granted Petitioner leave to **proceed** in forma pauperis **in this Court.** However, on May 11, 1995, this Court denied Petitioner's request for a certificate of probable cause based on this Court's finding that the grounds upon which Petitioner was basing his appeal were frivolous and that said appeal was not taken in "good faith" within the meaning of *Coppedge v. United States,* 369 U.S. 438 [82 S.Ct. 917, 8 L.Ed.2d 21] (1962). During all of these proceedings, it was this Court's intention to only allow Petitioner to **proceed** in forma pauperis without having to pay a filing fee; however, *it was never the intention of this Court to appoint*

*attorneys to represent the Petitioner.*

*Id.* at 1-2 (emphasis in Italics added).  This appeal from Weeks's counsel ensued.[5]

## II. ANALYSIS

Under the Anti-Drug Abuse Act of 1988, § 7001(b), 21 U.S.C. § 848(q)(4)(B) (1988), Congress established an absolute right to counsel for indigent death-sentenced prisoners seeking federal habeas relief:

> In any post conviction proceeding under section 2254 or 2255 or Title 28, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation ... shall be entitled to the appointment of one or more attorneys....

21 U.S.C. § 848(q)(4)(B). [6]  "On its face, this statute grants indigent capital defendants a *mandatory* right to qualified legal counsel ... "[i]n any [federal] post conviction proceeding.' "[7] *McFarland v. Scott,* 512 U.S. 849, ----, 114 S.Ct. 2568, 2571, 129

---

[5]The Alabama Attorney General did not file a responsive brief in this appeal.  In a letter to the Clerk of the Eleventh Circuit Court of Appeals, the Assistant Attorney General who represented respondent-appellee, Commissioner of Corrections, Ronald E. Jones, explained that, since Weeks's counsel sought attorneys' fees from the federal government pursuant to a federal statute and not respondent, Jones did not have a position on the issue raised by Weeks's counsel in this court.

[6]As a procedural matter, "[a]lthough a CPC is required in order to appeal the denial of habeas corpus relief, there is no such requirement in order to appeal the denial of the appointment of counsel under § 848(q)(4)(B)." *Barnard v. Collins,* 13 F.3d 871;  878 n. 6 (5th Cir.), *cert. denied,* 510 U.S. 1102, 114 S.Ct. 946, 127 L.Ed.2d 363 (1994);  *accord Sterling v. Scott,* 57 F.3d 451, 454 n. 3 (5th Cir.1995), *cert. denied,* --- U.S. ----, 116 S.Ct. 715, 133 L.Ed.2d 669 (1996) (noting that "[t]he same rule should apply to the retention of such counsel").

[7]This court has held that § 848(q)(4)(B) does not require the federal government to finance counsel for the exhaustion of postconviction claims in state court. *In re Lindsey,* 875 F.2d 1502 (11th Cir.1989) (per curiam).

L.Ed.2d 666 (1994) (quoting 28 U.S.C. § 848(q)(4)(B)) (alteration in original) (emphasis added). Because of the complexity of federal habeas corpus jurisprudence, even for attorneys, and the stringent pleading requirements, the Court recognized that "[a]n attorney's assistance prior to the filing of a capital defendant's habeas corpus petition is crucial" to adjudication of an indigent capital petitioner's claims on the merits. *Id.* at ----, 114 S.Ct. at 2572; *see Sloan v. Delo,* 54 F.3d 1371, 1380 n. 6 (8th Cir.1995) ("The *McFarland* Court held that because Congress created a statutory right to counsel for capital defendants during federal habeas proceedings, counsel should be appointed before a petition is actually filed to permit assistance in its preparation." (citing 21 U.S.C. § 848(q)(4)(B)), *cert. denied,* --- U.S. ----, 116 S.Ct. 728, 133 L.Ed.2d 679 (1996).

Because § 848(q)(4)(B) mandates counsel for indigent capital prisoners *to prepare* federal habeas petitions, a substantive, merits assessment of the petition is irrelevant to the appointment of counsel. 21 U.S.C. § 848(q)(4)(B); *see McFarland,* 512 U.S. at ----, 114 S.Ct. at 2572 ("In adopting § 848(q)(4)(B), Congress thus established a right to preapplication legal assistance for capital defendants in federal habeas corpus proceedings."); *In re Joiner,* 58 F.3d 143, 144 (5th Cir.1995) (per curiam) ("*McFarland* ... held that 21 U.S.C. § 848(q)(4)(B) entitles prisoners seeking federal habeas relief to court-appointed counsel for the preparation of a habeas petition.... The Court ... reason[ed] that appointed counsel ... are necessary to prepare and present federal habeas cases effectively."). Thus, the district court's determination

that Weeks's habeas petition was frivolous *after* his execution is inconsequential to the appointment of his counsel. *See In re Joiner,* 58 F.3d at 144 ("*McFarland* addressed the timing of appointment of counsel, not the scope of appointment.").

Furthermore, the Supreme Court has explained that indigent litigants' claims are "frivolous" when they "lack[ ] an arguable basis either in law or in fact."[8] *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). "Factual allegations are frivolous for purpose of § 1915(d) when they are "clearly baseless;' legal theories are frivolous when they are "indisputably meritless.' " *Battle v. Central State Hosp.,* 898 F.2d 126, 129 (11th Cir.1990) (per curiam) (quoting *Neitzke,* 490 U.S. at 327, 109 S.Ct. at 1833). This court also has held that a frivolous analysis under 28 U.S.C. § 1915(d) involves a determination of " "whether there is a factual and legal basis, of *constitutional dimension,* for the asserted wrong.' " *Clark v. Georgia Pardons & Paroles Bd.,* 915 F.2d 636, 639 (11th Cir.1990) (quoting *Harris v. Menendez,* 817 F.2d 737, 739 (11th Cir.1987)) (emphasis added).

Rather than being baseless, Weeks's history of mental health evaluation and treatment is documented in the record,[9] and he based

---

[8]"[T]he purpose of the frivolity review is to filter non-paying litigants' lawsuits through a screening process functionally similar to the one created by the financial disincentives that help deter the filing of frivolous lawsuits by paying litigants." *Cofield v. Alabama Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir.1991).

[9]In affirming the denial of Weeks's first habeas corpus petition, we detailed his previous mental health history. *Weeks v. Jones,* 26 F.3d at 1034-42. This court's opinion, pursuant to Weeks's second appeal from denial of habeas relief, discussed the

his second habeas appeal on his incompetency to be executed under *Ford v. Wainwright,* 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986) (plurality opinion).  While other circuits have "adopted different legal definitions of Eighth Amendment mental competency for execution" following *Ford,* the dissent notes that this circuit "addresses this issue for the first time in this case."  *Weeks,* 52 F.3d at 1574, 1575 (Kravitch, J., concurring in part and dissenting in part).  In raising the competency-to-be-executed issue, Weeks's counsel stated a arguable constitutional claim, which had not been decided by this court and which precluded the district court's reconsidered determination that Weeks's second habeas petition was frivolous *after* Weeks's execution.[10]  A claim that is arguable, although ultimately unsuccessful, "must be treated like the claims brought by paying litigants and should survive frivolity review."  *Cofield v. Alabama Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir.1991).

Significantly, the statute specifically contemplates that a capital inmate shall have federally appointed counsel in habeas proceedings involving competency to be executed.  21 U.S.C. §

merits of Weeks's contention that he was incompetent to be executed, *Weeks,* 52 F.3d at 1561-62, and included, as an appendix, the state trial court's factual findings and legal conclusions following a thorough evidentiary hearing on the competency-to-be-executed issue, *id.* at 1562-74.

[10]We note that the district court based its determination that Weeks's second habeas petition was frivolous on *Coppedge* and did not cite the Court's subsequent statement on frivolous indigent claims under § 1915 in *Neitzke.*  Importantly, the district court did not address § 848(q)(4)(B), which mandates counsel to assist indigent prisoners in filing habeas petitions in capital cases.

848(q)(8).[11]    In a successive death penalty case that raised competency to be executed, the Fifth Circuit reversed the district court's denial of appointment of counsel under § 848(q)(4)(B) and explained that "[o]n its face, § 848(q)(4)(B) does not condition the appointment of counsel on the substantiality or nonfrivolousness of petitioner's habeas claims."    *Barnard v. Collins,* 13 F.3d 871, 879 (5th Cir.), *cert. denied,* 510 U.S. 1102, 114 S.Ct. 946, 127 L.Ed.2d 363 (1994).  In connection with Weeks's habeas petition, the district court correctly appointed Weeks's counsel, who had represented him in his state postconviction proceedings as well as prepared his habeas petition without compensation.  The district court erred in revisiting its former ruling based on its assessment of the merits of Weeks's habeas petition after his execution.

Finally, the district court erroneously based its *sua sponte* order that denied Weeks's counsels' appointment on Federal Rule of

---

[11]With respect to assistance from appointed counsel for indigent capital prisoners during judicial proceedings, including competency, the statute provides:

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, *each attorney so appointed* shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and *shall also represent the defendant in such competency proceedings* and proceedings for executive or other clemency as may be available to the defendant.

21 U.S.C. § 848(q)(8) (emphasis added).

Civil Procedure 60(a), which permits corrections "at any time" of "[c]lerical mistakes" in judgments and orders "arising from oversight or omission." Fed.R.Civ.P. 60(a). While the district court may correct clerical errors to reflect what was intended at the time of ruling, "[e]rrors that affect substantial rights of the parties ... are beyond the scope of rule 60(a)." [12] *Mullins v. Nickel Plate Mining Co.,* 691 F.2d 971, 973 (11th Cir.1982) (citing *Warner v. City of Bay St. Louis,* 526 F.2d 1211, 1212 (5th Cir.1976)); *see United States v. Whittington,* 918 F.2d 149, 150 n. 1 (11th Cir.1990) (noting that "for Rule 60(a) purposes, a mistake of law is not a "clerical mistake,' "oversight,' or "omission' " (quoting *Warner,* 526 F.2d at 1212)); *see also Truskoski v. ESPN, Inc.,* 60 F.3d 74, 77 (2d Cir.1995) (per curiam) ("That provision, which states in pertinent part that "[c]lerical mistakes in judgments ... may be corrected by the court at any time,' permits only a correction for the purpose of reflecting accurately a decision that the court actually made." (quoting Fed.R.Civ.P. 60(a)). "Although Rule 60(a) clerical mistakes need not be made by the clerk, they must be in the nature of recitation of amanuensis mistakes that a clerk might make. *They are not errors of*

---

[12] Interestingly, the district judge did not consider Weeks's petition for habeas corpus relief frivolous when he granted counsels' motion for appointment on the same day that the habeas petition was filed. Furthermore, the district judge ruled inconsistently in the challenged order, issued *sua sponte* after Weeks's execution and his attorneys' attempt to obtain compensation. He stated that he correctly granted counsels' motion for admission in that court pro hac vice for the sole purpose of representing Weeks, but that he erroneously granted their motion for appointment of counsel because the habeas petition was frivolous, and that he never intended to appoint attorneys to represent Weeks.

*substantive judgment."* Jones v. Anderson-Tully Co., 722 F.2d 211, 212 (5th Cir.1984) (per curiam) (emphasis added); *see Paddington Partners v. Bouchard,* 34 F.3d 1132, 1140 (2d Cir.1994) ("An error in a judgment that accurately reflects the decision of the court or jury as rendered is not "clerical' within the terms of Rule 60(a)." (quoting Fed.R.Civ.P. 60(a)). "A district court is not permitted, however, to clarify a judgment pursuant to Rule 60(a) to reflect a new and subsequent intent because it perceives its original judgment to be incorrect." *Burton v. Johnson,* 975 F.2d 690, 694 (10th Cir.1992), *cert. denied,* 507 U.S. 1043, 113 S.Ct. 1879, 123 L.Ed.2d 497 (1993). Therefore, the district court not only erred legally in its subsequent *sua sponte* denial of Weeks's counsels's appointment motion, but also it erred procedurally in using Rule 60(a) as authority for its changed ruling.

## III. CONCLUSION

Weeks's postconviction counsel appeal the district court's subsequent, *sua sponte* denial of their motion for appointment of counsel when they sought payment for their federal habeas representation of Weeks, after the court previously had granted this motion. Because the district court erred legally and procedurally in denying Weeks's counsels' appointment motion, we REVERSE. We direct the district court to reinstate its former order granting Weeks's counsels' appointment motion and to proceed with compensating them appropriately for their habeas representation of Weeks.