[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15046

Non-Argument Calendar

_____

FEDERAL HOME LOAN MORTGAGE CORP.,

Plaintiff-Appellee,

vs.

JOSEPH A. MATASSINO, JR., et al.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 18, 2013)

Before MARCUS, JORDAN, and KRAVITCH, Circuit Judges.

PER CURIAM:

Joseph Matassino, Jr. seeks review of the district court's decision, made

pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, to amend an order

of dismissal with prejudice to an order of dismissal without prejudice.  Because the district court did not abuse its discretion, we affirm.

## I.

The Federal Home Loan Mortgage Corporation ("Freddie Mac") filed an ejectment/dispossession action against Mr. Matassino in a Georgia state court.  Mr. Matassino, after filing an answer and counterclaim, removed the action to federal court.  When the parties failed to timely file a certificate of interested persons and a scheduling report, the district court issued an order (dated September 26, 2011) requiring that the filings be submitted within 20 days.  Failure to comply, the district court warned, would "result in dismissal of [Freddie Mac's] claims."

Freddie Mac did not comply with the district court's order, so on October 17, 2011, Mr. Matassino filed a motion to dismiss its claims with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Northern District of Georgia Local Rule 41.3.  Two days later, the district court dismissed Freddie Mac's claims pursuant to Local Rule 41.3(A)(2), and dismissed Mr. Matassino's counterclaims pursuant to Rule 8(a) of the Federal Rules of Civil Procedure.  The district court also denied Mr. Matassino's motion to dismiss as moot, and directed the clerk to close the case.  The clerk did so on the same day.

The district court's order did not specify whether the dismissals were with or without prejudice.  Local Rule 41.3(B) provides that dismissals under Local Rule

2

41.3(A) operate as adjudications on the merits "unless the court specifies otherwise in its order [.]"

On August 6, 2012, the district court issued an order to the parties directing them to show cause within 14 days as to why the dismissal order should not be converted into one without prejudice. The district court informed the parties that it had "inadvertently omitted a provision in the order that the dismissal was without prejudice," and was considering entering a "superseding order of dismissal to remedy this omission."

After the parties responded, the district court, acting pursuant to Rule 60(a), amended the order of dismissal to reflect that it was without prejudice. The district court again explained that it had inadvertently failed to indicate that the dismissal was to be without prejudice. Mr. Mattassino now appeals.

## II.

Rule 60(a) allows a court, on its own or on motion, to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." We review the district court's decision to amend its prior order of dismissal under Rule 60(a) for abuse of discretion. *See, e.g., Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 193 (5th Cir. 2011).

A district court cannot "clarify a judgment pursuant to Rule 60(a) to reflect a new and subsequent intent because it perceives its original judgment to be

3

incorrect." *Weeks v. James*, 100 F.3d 124, 129 (11th Cir. 1996). But it may "correct clerical errors to reflect what was intended at the time of the ruling[.]" *Id.* at 128.

Here the district court stated that it had inadvertently failed to indicate in its prior order that the dismissal was without prejudice. Because the district court's use of Rule 60(a) was for the purpose of reflecting what was intended at the time of the original dismissal order, there was no abuse of discretion. *See Weeks*, 100 F.3d at 129 (Rule 60(a) permits a "correction for the purpose of reflecting accurately a decision that the court actually made"). *See also In re Jee*, 749 F.2d 532, 535 (9th Cir. 1986) (bankruptcy court properly amended order dismissing cross-complaint, under Rule 60(a), to indicate that dismissal was without prejudice where amended order reflected court's original intent).

III.

The district court's Rule 60(a) amendment of the order of dismissal is affirmed.

**AFFIRMED**.