[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13636
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-01623-TWT


ELISHA GILBERT, JR.,

Plaintiff-Appellant,


versus


FREDERICK L. DANIELS, JR.,
Chairman, DeKalb County,
BARBARA BABBIT KAUFMAN,
Vice Chairman, Fulton County,
HAROLD BUCKLEY, SR.,
Treasurer, DeKalb County,
JUANITA JONES ABERNATHY,
Secretary, City of Atlanta,
ROBERT L. ASHE, III,
City of Atlanta, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 14, 2018)

Before TJOFLAT, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Elisha Gilbert, Jr., filed a *pro se* lawsuit against thirty or so defendants arising out of his July 2012 arrest at the Five Points MARTA Station in Atlanta, Georgia. The defendants filed motions to dismiss on various grounds, and the district court dismissed the action in a brief order. On appeal, we found that Gilbert's complaint was a "shotgun pleading" that did not give fair notice of its claims, but we concluded that the court did not adequately explain its reasons for dismissal and that Gilbert was probably entitled to at least one chance to amend his complaint. *Gilbert v. Daniels*, 624 Fed. App'x 716 (11th Cir. 2015). Accordingly, we "vacate[d] the dismissal of Gilbert's complaint and we remand[ed] for the district court to develop the record and determine, in the first instance, whether Gilbert should be instructed to replead his claims or whether amendment would be futile." *Id.* at 718.

After the case was returned on remand, the district court, consistent with our mandate, granted the defendants' motions to dismiss on the ground that the

2

complaint was a shotgun pleading.  The court then ordered Gilbert to file within 28 days an amended complaint that complied with the Federal Rules of Civil Procedure.  That order was entered on November 1, 2016.  A copy of the district court's order was mailed to Gilbert, but it was returned to the clerk because no one by his name resided at the address on file for him.

Because Gilbert did not respond within 28 days, the district court dismissed Gilbert's lawsuit on December 14, 2016.  A copy of the district court's dismissal order was mailed to the address on file for Gilbert, but, again, it was returned to the clerk as undeliverable.

Over six months later, on June 10, 2017, Gilbert filed a motion for relief from the judgment under Rules 60(a) and (b)(6) of the Federal Rules of Civil Procedure.[1]  In that motion, Gilbert stated that he did not receive a copy of the court's order giving him 28 days to file an amended complaint.  He explained that he was arrested on September 4, 2016, about two months before the order issued, and held in custody at the DeKalb County jail until March 30, 2017.  He claimed that he made the court aware of his mailing address at the jail through his filings in a separate case, but that the court failed to send him notice of the order and

---

[1] Just prior to filing the Rule 60 motion, he also filed a petition for a writ of mandamus with this Court.  We denied Gilbert leave to proceed *in forma pauperis*, concluding that he had available the alternative remedy of moving for relief under Rule 60(b), and then dismissed the mandamus petition when Gilbert did not pay the necessary filing fee.

judgment.  He asked the court to correct the error and allow him to file an amended complaint.

The district court denied Gilbert's Rule 60 motion.  The court noted that "[a]t no time did the Defendant notify the Court that he was in jail or that his mailing address had changed."  Finding that Gilbert's failure to receive the court's prior order, and his failure to comply with that order, was "entirely" his own fault, the court concluded that he was not entitled to relief from the judgment.  Gilbert timely appealed the denial of his post-judgment motion.

On appeal, Gilbert essentially argues that the district court had constructive notice of his address change and that such notice should have been sufficient. Gilbert contends that the court mailed the order permitting him to amend his complaint to the wrong address, despite the court's alleged knowledge that his address had changed because, while he was in custody, he filed a habeas petition that included a different return address and was assigned to the same district judge.

Rule 60(b)(6) allows for relief from an order for any reason that justifies relief.  Fed. R. Civ. P. 60(b)(6).  An appeal of a ruling on a Rule 60(b) motion is narrow in scope, addressing only the propriety of the denial or grant of relief and not issues regarding the underlying judgment.  *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999).

4

We review the denial of a Rule 60(b) motion for an abuse of discretion. *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 842 (11th Cir. 2008). A district court abuses its discretion when it relies on clearly erroneous facts, applies an incorrect legal standard, or commits a clear error of judgment. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004). "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (quotation marks omitted). In general, relief under Rule 60(b) is warranted only where, "absent such relief, an 'extreme' and 'unexpected' hardship will result." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

Here, the district court did not abuse its discretion in denying Gilbert's Rule 60(b) motion. The court had dismissed Gilbert's lawsuit for failing to comply with its November 1, 2016, order directing him to file an amended complaint within 28 days.[2] *See Betty K Agencies, Ltd.*, 432 F.3d at 1337 (stating that Rule 41(b), Fed. R. Civ. P., authorizes dismissal of an action *sua sponte* for failure to comply with the rules or any order of the court). While Gilbert did not know of that November

---

[2] Whether the district court abused its discretion in dismissing Gilbert's action is not before us because an appeal from the denial of a Rule 60(b) motion generally does not bring up issues regarding the underlying judgment. *Am. Bankers Ins. Co.*, 198 F.3d at 1338. Moreover, while Federal Rule of Appellate Procedure 4(a)(6) allows district courts to reopen the time to appeal if the moving party did not receive notice of the judgment, Gilbert's Rule 60 motion cannot be construed as a motion under Rule 4(a)(6) because it was not filed within 180 days after the judgment was entered. *See* Fed. R. App. P. 4(a)(6)(B).

order until much later, the record supports the court's finding that his lack of notice was due to his failure to notify the court that he was in jail or that his mailing address had changed. Even *pro se* parties are required to comply with "the relevant law and rules of court," *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989), and Northern District of Georgia Local Rule 41.2(B) requires "a party appearing *pro se* to keep the clerk's office informed of any change in address and/or telephone number" and warns that the failure to do so may lead to dismissal or a default judgment. N.D. Ga. L.R. 41.2(B). Because Gilbert failed to update the court of his address change or his detention, and that failure led to Gilbert's lack of compliance with the order to amend his complaint, the district court's decision to deny relief under Rule 60(b) was within the range of reasonable choices. *See Betty K Agencies*, 432 F.3d at 1337.

Gilbert's claim that he adequately advised the district court of his new mailing address is unpersuasive. According to Gilbert, the court should have known of his mailing address at the jail because it was included in several filings in a separate habeas corpus case, which was assigned to the same district judge. However, Gilbert's filings in his habeas action did not provide sufficient notice of an address change in his civil-rights action. His habeas case was an entirely separate action proceeding under a separate docket number. Nothing in his habeas filings made clear that he also had a civil-rights case before the court. Nor is it

6

reasonable to expect the clerk or the court to attempt to cross-reference filings in separate cases for the purpose of updating a plaintiff's address, particularly where, as here, all that the two cases shared was a named party.

We note as well that Gilbert was not prevented from communicating with the court during his detention at the DeKalb County jail. Gilbert's habeas filings during his detention show that he had access to the courts, so he could have updated the court on his address. And even after his release from jail on March 30, 2017, Gilbert did not make contact with the district court until June 5, 2017, in connection with a mandamus petition that he filed with this Court, which delay could reasonably have factored into the district court's decision to deny relief.

For all of these reasons, we conclude that the district court did not abuse its discretion in denying Gilbert's post-judgment motion under Rule 60(b)(6). As for the denial of his request for relief under Rule 60(a), that, too, was not erroneous. Rule 60(a) allows a district court to "correct a clerical mistake or a mistake arising from oversight or omission" in the record. Fed. R. Civ. P. 60(a). Rule 60(a) does not apply here, however, because Gilbert sought substantive relief from the judgment. *See Weeks v. Jones*, 100 F.3d 124, 128–29 (11th Cir. 1996) (errors that affect substantial rights of the parties are beyond the scope of Rule 60(a)).

The denial of Gilbert's Rule 60 motion is **AFFIRMED.**