[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10071

_____

D.C. Docket No. 1:17-cv-00291-TFM-MU

ESTATE OF JEFFREY WEST,
KIM ELLIS,

Plaintiffs-Appellants
Cross Appellees,

versus

SHERIFF GROVER SMITH, et. al.,

Defendants,

ROBERT DEFRANCISCO,

Defendant-Appellee,

MARBRA CHANDLER,
MONICA MCCALL,
a.k.a. Monica Dunn,
DENISE R. BRANTLEY,
a.k.a. Denise Turner,
RONNESHA HODGES,
STEPHEN WADE CAPPS,
THE ESTATE OF JOHN VANLANDINGHAM,
and Wanda Vanlandingham as personal representative,

WANDA VANLANDINGHAM,
as personal representative of the Estate of John Vanlandingham,

Defendants-Appellees
Cross Appellants.

_____

Appeals from the United States District Court
for the Southern District of Alabama

_____

(August 20, 2021)

Before NEWSOM, BRANCH, and LAGOA, Circuit Judges.

BRANCH, Circuit Judge:

Jeffrey West died shortly after he was released from the prison where he was being held as a pre-trial detainee.  West had a staph infection, and after inconsistent medical attention that did not address his underlying symptoms, he died from complications related to the infection.  West's estate ("the Estate") brought claims under federal and Alabama law against Escambia County and the Escambia County Sheriff, as well as multiple fictitious defendants, initially identified only as prison guards, medical professionals, doctors, and nurses.  The Estate, the Sheriff, and the County—the only parties who had appeared in the case—subsequently filed a stipulation of dismissal dismissing the Sheriff and the County and "all claims" brought against those two defendants.  The district court

2

then entered an order, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, dismissing all claims without prejudice.

The Estate later moved to reopen the case, arguing that it had not meant to dismiss the fictitious defendants. The district court agreed to reopen the case and granted limited discovery. After the Estate amended its complaint to substitute named defendants (Dr. Vanlandingham; Dr. DeFrancisco; nurses McCall, Brantley, and Hodges; and Officer Capps) for the fictitious defendants, the defendants moved for summary judgment, arguing that the district court lacked jurisdiction over the Estate's claims and that the Estate's claims were barred by the applicable statutes of limitations. The district court found that it had jurisdiction over the Estate's claims because it could reopen the case under Federal Rule of Civil Procedure 60(a) but granted summary judgment to the defendants because the Estate's claims were time-barred.

On appeal, the Estate challenges the district court's conclusion that its claims were time-barred, and the defendants challenge the district court's jurisdictional ruling. Because the parties' filing of the stipulation of dismissal left the district court without jurisdiction over the Estate's claims pursuant to Rule 41(a)(1)(A)(ii) and because it could not reopen the case under Rule 60(a), we vacate its order purporting to reopen the case.

3

## I.     Background

### A. Factual Background

Jeffrey West was arrested on June 27, 2015, and booked into the Escambia County Jail, where he remained as a pre-trial detainee for fifteen days.  At the time, he had a large, visibly infected abscess on one leg, which he suspected was a staph infection.  Over the course of West's incarceration, his infection steadily worsened, yet he received only sporadic medical treatment from prison medical staff.

On the morning of July 13, 2015, West was released and immediately went to the emergency room.  Within thirty minutes of his arrival, West experienced an approximately two-minute episode of non-responsiveness where he was not breathing and had an elevated heart rate.  Laboratory testing indicated that West may have been suffering from liver failure and rhabdomyolysis (muscle breakdown).  At 3:15 p.m., West was airlifted to a hospital in Pensacola, Florida.  There, his diagnosis of rhabdomyolysis was confirmed, and he was further diagnosed with seizures, renal failure, and dehydration.

West remained in the critical care unit at the hospital in Pensacola until his death on July 31, 2015.  His cause of death initially was listed as shock, acute respiratory syndrome, and hypoxia.  An autopsy listed his cause of death as complications from bronchopneumonia and pulmonary alveolar injury.

4

On July 17, 2015, four days after West's hospitalization, West's family members began sending pre-litigation preservation letters and records requests to the Escambia County Sheriff and Board of Commissioners. After West died, the Estate assumed primary responsibility for gathering these records. A pattern quickly emerged: the Estate would request records, the Sheriff and the County would either not respond or respond with minimally helpful information, and the Estate would send new requests several months later.

## B. Procedural History

Eventually, the Estate filed suit on June 23, 2017, bringing claims under federal and state law against the Sheriff, the County, and multiple fictitious defendants—Jailers 1–5, Medical Professionals 1–10, and Medical Company.[1]

In July of 2017, the Sheriff and the County both filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). On September 8, 2017, the magistrate judge issued a report and recommendation recommending that the motions to dismiss be granted and that the Estate's claims be dismissed without prejudice.

---

[1] Initially, the estate brought six claims: a 42 U.S.C. § 1983 claim based on deliberate indifference to serious medical needs (Count I); a claim under Alabama Code § 14-6-19 for failure to attend to a detainee's medical needs (Count II); a § 1983 claim for failure to intervene (Count III); a claim under the Alabama Open Records Act (Count IV); an Alabama tort of outrage claim (Count V); and a claim under the Alabama Medical Liability Act for negligence and breach of the required standard of care.

On September 22, 2017, instead of filing the Estate's objections to the report and recommendation, and before the district court could rule on the pending motions to dismiss, the parties filed a "Stipulation of Dismissal." The stipulation of dismissal stated that the parties "hereby STIPULATE to the DISMISSAL of Sheriff Grover Smith and Escambia County, and all claims brought by [the Estate] against Sheriff Grover Smith and Escambia County, without prejudice, the parties to bear their own costs." The stipulation of dismissal was signed by counsel for the Estate and for defendants Sheriff Smith and Escambia County. The stipulation of dismissal did not reference any of the Federal Rules of Civil Procedure.

On September 26, 2017, the district court issued an order providing that:

> The parties having filed a joint Stipulation of Dismissal . . ., all claims in this cause are hereby dismissed without prejudice pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Each party shall bear his, her or its own costs.

On October 30, 2017, the Estate moved to reopen the case, arguing that the case had been improperly closed because the stipulation did not dismiss all the defendants—the fictitious defendants remained. The Estate did not challenge the court's use of Rule 41(a)(1)(A)(ii). The defendants objected to the reopening, arguing that the district court lost jurisdiction pursuant to Rule 41(a)(1)(A)(ii) when the parties filed the Stipulation of Dismissal.

On November 28, 2017, the district court granted the motion to reopen. Although it found that "the Stipulation of Dismissal entered by the parties in this

6

action dismissed this case against all named parties upon its execution and that this Court retains no jurisdiction against those named defendants," it nevertheless granted the Estate's motion to reopen the case and granted limited discovery for the Estate to determine the identities of the fictitious defendants.

After limited discovery, the Estate filed an amended complaint substituting Dr. Vanlandingham, Dr. DeFrancisco, nurses McCall, Brantley, and Hodges, and Officer Capps for the fictitious defendants. After the Estate learned that Vanlandingham had died, it filed a second amended complaint substituting his estate as a party.

In response to the second amended complaint, the prison employees—nurses McCall, Brantley, and Hodges; and Officer Capps—filed an answer and a motion for summary judgment. Dr. Vanlandingham's estate filed a motion to dismiss or, in the alternative, for summary judgment. The defendants argued that following the parties' filing of the stipulation of dismissal and the court's subsequent order of dismissal, the district court was divested of jurisdiction and without authority to reopen the action. They also argued that even if the district court had jurisdiction over the Estate's claims, the Estate's amended complaint did not relate back to the original complaint, such that the Estate's claims against the defendants were barred

7

by the applicable statutes of limitations.[2]  The Estate filed an omnibus response to the motions filed by the prison employees and Dr. Vanlandingham's estate, arguing that its claims were not time-barred and that the second amended complaint had properly stated a claim for relief.

The district court granted summary judgment in favor of the defendants.  It found that it had jurisdiction over the Estate's claims because it could reopen the case under Rule 60(a), but that the Estate had not satisfied the requirements for fictitious-party pleading imposed by the Federal Rules of Civil Procedure and the Alabama Rules of Civil Procedure,[3] and that the amended complaint did not relate back to the original complaint and was time-barred.

---

[2] Counts I and III are § 1983 claims subject to two-year statutes of limitations.  *See Owens v. Okure*, 488 U.S. 235 (1989) (acknowledging that § 1983 actions borrow the statute of limitations from the "most analogous" state statute of limitations (quotation omitted)); 42 U.S.C. § 1988; Alabama Code § 6-2-38 (setting two-year statute of limitations for personal injury claims, non-contract claims, and other actions "for any injury to the person or rights of another not arising from contact and not specifically enumerated in this section").  Count II, failure to attend to a detainee's needs under Alabama Code § 14-6-19, also has a two-year statute of limitations.  *See* Alabama Code § 6-2-38.  Count V, the Alabama outrage tort, likewise has a two-year statute of limitations.  *Cont'l Cas. Ins. Co. v. McDonald*, 567 So. 2d 1208, 1215 (Ala. 1990) (citing Alabama Code § 6-2-38).  Count VI, violation of the Alabama Medical Liability Act, also has a two-year statute of limitations.  Alabama Code. § 6-5-482.  Count IV, violations of the Alabama Open Records Act, was brought only against the Sheriff and the County and is not relevant to this appeal.

[3] Rule 15(c)(1)(A) says that "an amendment to a pleading relates back to the date of the original pleading when the law that provides the applicable statute of limitations allows relation back."  Because all the statutes of limitations on the estate's claims arise under Alabama law, *see supra* n.2, we look to Alabama civil procedure rules to determine whether relation back is allowed.

Alabama Rule of Civil Procedure 9(h) allows fictitious party pleading "[w]hen a party is ignorant of the name of an opposing party and so alleges in the party's pleading," but "when that

The Estate timely appealed the district court's relation-back decision and the prison employees and Dr. Vanlandingham's estate timely cross-appealed, challenging the district court's jurisdictional holding.

## II.    Discussion

The prison employees and Dr. Vanlandingham's estate argue that the district court lacked jurisdiction over the Estate's claims because the parties who had appeared filed a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii), which

---

party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name." Additionally, Alabama Rule 15(c)(4) says that "an amendment of a pleading relates back to the date of the original pleading when . . . relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h)." The Supreme Court of Alabama has discussed the interaction of these two provisions:

> Rules 9(h) and 15(c), Ala.R.Civ.P., allow a plaintiff to avoid the bar of a statute of limitations by fictitiously naming defendants for which actual parties can later be substituted. Such a substitution is allowed to relate back to the date of the original complaint if the original complaint adequately described the fictitiously named defendant and stated a claim against such a defendant. In order for the substitution to relate back, the plaintiff must show that he was ignorant of the true identity of the defendant and that he used due diligence in attempting to discover it.

*Jones v. Resorcon, Inc.*, 604 So. 2d 370, 372–73 (Ala. 1992). Thus, under Alabama law, an amended complaint substituting named defendants for fictitious defendants relates back when: (1) the original complaint adequately described the fictitious defendant; (2) the original complaint stated a claim against the fictitious defendant; (3) the plaintiff was ignorant of the true identity of the defendant; and (4) the plaintiff used due diligence to discover the defendant's true identity. *Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 965 (11th Cir. 2001) (citing *Jones*, 604 So. 2d at 372–73).

9

immediately divested the district court of jurisdiction over the case.[4]  They are correct.[5]

Rule 41(a)(1)(A)(ii) provides that a "plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1)(A)(ii).  We have explained that "Rule 41(a)(1) means precisely what it says," *Pilot Freight Carriers, Inc. v International Brotherhood of Teamsters*, 506 F.2d 914, 916 (5th Cir. 1975), and that "a Rule 41(a)(1) voluntary dismissal disposes of the *entire* action, not just some of the plaintiff's claims."  *Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1265 (11th Cir. 2021).  We have also explained that a dismissal under this rule is effective immediately:

> [T]he plain language of Rule 41(a)(1)(A)(ii) requires that a stipulation filed pursuant to that subsection is self-executing and dismisses the case upon its becoming effective.  The stipulation becomes effective upon filing unless it explicitly conditions its effectiveness on a subsequent occurrence.  District courts need not and may not take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction.

*Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012).

---

[4]  We note that DeFrancisco does not cross-appeal or challenge the district court's jurisdiction; rather, he argues that we should affirm the district court's holding that the estate's claims were time-barred.  But because we "must inquire *sua sponte* into the issue whenever it appears that jurisdiction may be lacking," *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1263 (11th Cir. 2000), our jurisdictional holding also applies to him, regardless of whether he raised it.

[5] We review questions regarding a district court's subject matter jurisdiction *de novo*. *United States v. Wilson*, 979 F.3d 889, 902 n.6 (11th Cir. 2020).

10

As an initial matter, it is undisputed that Rule 41(a)(1)(A)(ii) applies to this case. While it is true that the stipulation of dismissal did not reference any particular rule, the district court's subsequent order cited Rule 41(a)(1)(A)(ii) and the parties have not argued at any point that the rule does not apply. Further, the Estate has never argued (nor could it based on the record before us) that it meant to invoke another rule instead—such as Rule 15 to amend its complaint or Rule 21 to sever a claim against a party.

Accordingly, we now apply Rule 41(a)(1)(A)(ii) to the facts of this case. The stipulation of dismissal was signed by all the parties who had appeared at that time: the Estate, the Sheriff, and the County. And the stipulation clearly dismissed all claims that were alleged against all named defendants and provided that the parties would bear their own costs. Accordingly, by the terms of Rule 41(a)(1)(A)(ii), which means precisely what it says, the action itself—not specific claims and not specific defendants—was dismissed.

It is true that the fictitious defendants were not involved in any way in the stipulation of dismissal, but their absence does not affect our analysis. In fact, their nonparticipation bolsters it. At the time the stipulation of dismissal was filed, the fictitious defendants were still just that—fictitious. Thus, they had not yet been named or served and, accordingly, had not made an appearance. As Rule 41(a)(1)(A)(ii) expressly provides, a stipulation of dismissal "signed by all parties

11

who have appeared" dismisses the action.  Fed. R. Civ. P. 41(a)(1)(A)(ii).

Accordingly, not only could the fictitious defendants not have participated (as they

had not been named or served and had thus not made an appearance), their

participation was unnecessary as only those who have appeared need to sign the

stipulation to dismiss the action.  Further, the parties did not in any way provide for

the fictitious defendants (and did not even mention them).  The parties did not

condition the stipulation's effectiveness on any subsequent occurrence such as the

naming and serving of these unknown defendants.  Nor did the stipulation

expressly provide that the dismissal did not apply to the fictitious defendants.[6]  *See*

*Anago*, 677 F.3d at 1278.  Thus, pursuant to Rule 41(a)(1)(A)(ii), following the

filing of the self-executing stipulation of dismissal of all claims against all named

defendants signed by all parties who had appeared, the district court lacked

jurisdiction over the Estate's claims.  *See id*. at 1279 ("A district court loses all

power over determinations of the merits of a case when it is voluntarily

---

[6] "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010); *see* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties.").  "We have created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage." *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992)).  Because the stipulation of dismissal did not provide that the action would proceed only against the fictitious defendants, we need not decide whether the complaint described these defendants with sufficient specificity to be able to proceed.

12

dismissed."). The district court's subsequent order purporting to dismiss "all claims" without prejudice was thus a nullity.[7]

The Estate argues that the stipulation did not divest the district court of jurisdiction to reopen the case. It argues that, while the stipulation did not expressly so provide, the Estate only intended to dismiss the Sheriff and the County, not the fictitious defendants. Thus, the Estate concludes, the district court could invoke Rule 60(a), which allows a district court to reopen a case to correct clerical errors in its orders.[8] The Estate is incorrect: Rule 60(a) is not available to it as a jurisdictional lifeline.

Rule 60(a) provides that a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." We have cautioned that "[a] district court is not permitted . . . to clarify a judgment pursuant to Rule 60(a) to reflect a new and subsequent intent because it perceives its original judgment to be incorrect." *Weeks v. Jones*, 100 F.3d 124, 129 (11th Cir. 1996) (quotation omitted). We have also explained that "[c]orrections or alterations that affect the substantial rights of

---

[7] In any event, were the stipulation of dismissal somehow a partial dismissal, the district court's subsequent order clearly dismissed the entire action (and similarly provided that the parties would bear their own costs).

[8] *See Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992) (noting that "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending" (quotation omitted)).

13

the parties . . . are beyond the scope of [R]ule 60(a)." *Vaughter v. E. Air Lines, Inc.*, 817 F.2d 685, 689 (11th Cir. 1987) (quotation omitted).

The district court's purported correction here does not fit within the scope of Rule 60(a). By reopening the action against the fictitious defendants, the district court made an alteration that affected their "substantial rights"—it exposed them to liability after the order dismissing the case already had relieved them of liability. *Id*. The district court's amendment was not a correction of a clerical error. Rather, it was a change to the nature of the previous order to "reflect a new and subsequent intent," which allowed the case to proceed against the previously-dismissed defendants. Thus, the district court could not invoke Rule 60(a) to reopen the case.[9]

Because the parties' Rule 41(a)(1)(A)(ii) dismissal deprived the district court of jurisdiction over the Estate's claims, we vacate the district court's order reopening the case.[10]

**VACATED**.

---

[9] We note that ordinarily, parties may move to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), but any motion filed under Rule 59(e) must be filed within twenty-eight days. Because the Estate waited thirty-four days to file its motion to reopen, the district court correctly noted that Rule 59(e) was unavailable as an avenue for relief. The district court also correctly stated that no facts supported a reopening of the action pursuant to Rule 60(b)(6), and the Estate does not argue otherwise.

[10] Because the defendants' jurisdictional cross appeal is dispositive, we need not address whether the Estate's amended complaint relates back to its original complaint.